SSS:NJM
F.#2017R00027

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) MISC. NO. 18-790 |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require TDS Telecommunications Corporation ("TDS"), an Internet service provider located in Madison, Wisconsin, to disclose certain records and other information pertaining to the email account winstonjones@tds.net, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. TDS is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require TDS to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court (or a magistrate judge thereof) of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. DORCAS CHIMILIO and WINSTON JONES for theft of government property. The investigation concerns possible violations of Title 18, United States Code, Sections 641 and 2, among other crimes.

5. To calculate a tenant's rent for New York City Housing Authority ("NYCHA") public housing, a tenant/applicant is required to complete a form certifying his or her annual income, assets, household composition, and income of household members, among other things. Persons who are accepted into public housing are required by the United States Department of Housing and Urban Development ("HUD") to submit annually an Affidavit of Income ("AOI") to re-calculate the appropriate rent. Like the initial form, the

AOI requires the applicant to certify, among other things, his or her annual income, assets, household composition, and income of household members.

6. On January 22, 2015, NYCHA's Office of Inspector General ("NYCHA-OIG") received an anonymous complaint that NYCHA resident CHIMILIO, residing at 220 Throop Avenue, #1G, Brooklyn, New York 11206, Tompkins Houses (the "Tompkins Apartment") and her husband, JONES, have been residing together although JONES had been taken off of the lease for the Tompkins Apartment. The complainant also stated that JONES and CHIMILIO had purchased another residence on Belmont Avenue in Brooklyn, New York (the "Belmont residence").

7. NYCHA-OIG then began an investigation into the claims made in the anonymous complaint. The subsequent NYCHA-OIG investigation showed that JONES was removed from the lease in March 2008 and his income was not thereafter included on the AOIs filed with respect to the Tompkins Apartment AOI.

8. JONES and CHIMILIO, together, purchased a residence at 1089 Belmont Avenue, Brooklyn, New York, in September of 2009 for $580,000 and have been renting that property to others since the time of the purchase.

9. Based on interviews with witnesses, review of video surveillance, and the statements of JONES and CHIMILIO, law enforcement agents learned that JONES has continued to reside in the Tompkins Apartment, from in or about April 2008 through in or about August 2017. Based upon a recalculation of the rent, taking into account JONES' unreported salary since the time JONES was removed from the lease and AOIs, the total loss to NYCHA is in excess of $73,000.

10. On forms filed with NYCHA, JONES listed his email address as "winstonjones@tds.net."

## REQUEST FOR ORDER

11. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the internet protocol ("IP") addresses used to access JONES' email account, which will enable the United States to learn JONES' approximate geographical location during the relevant time period. Accordingly, the United States requests that TDS be directed to produce all items described in Part II of Attachment A to the proposed Order.

Dated: Brooklyn, New York
    March 16, 2018

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

/s/ Nicholas J. Moscow
Nicholas J. Moscow
Assistant United States Attorney
(718) 254-6212

4